**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| CHUN WU, *individually and on behalf of all others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NATIONAL TAX ADVISORY SERVICES LLC,<br><br>　　　　　Defendant. | **Civil Case Number:**<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Chun Wu ("Plaintiff") brings this class action against Defendant National Tax Advisory Services LLC ("Defendant" or "NTAS"), to stop their illegal practice of calling cellular telephones of consumers and playing artificial or prerecorded voices, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action under the 47 U.S.C. § 227 *et seq*., the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2. Defendant is a tax debt relief service. To promote its services, Defendant engages in calling thousands of consumers and playing artificial or prerecorded voice messages marketing their services.

3. Defendant did not obtain express written consent prior to placing these artificial or prerecorded voice calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. The TCPA targets unauthorized calls playing prerecorded voices exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers with its advertising on a grand scale.

5. Plaintiff has received numerous unsolicited prerecorded voice messages from Defendant without his prior express consent and despite the fact that he is registered on the National Do-Not-Call registry.

6. By placing the calls at issue without express consent and to consumers on the National Do-Not-Call Registry, Defendant is harming thousands of consumers.

7. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation and disruption of the daily life of countless individuals. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies.

## PARTIES

8. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Centennial, Colorado, and the sole and primary subscriber and user of the cellular telephone number ***-***-1969 (the "1969 Number").

9. Defendant is, and at all times relevant hereto was, a California limited liability company and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Encino, California. Defendant directs, markets, and provides business activities throughout the State of Colorado.

**JURISDICTION, VENUE, AND STANDING**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

11. Defendant is subject to personal jurisdiction in Colorado because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Colorado to consumers in violation of the TCPA. Defendant has continuous and systematic contacts with this District through its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

12. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the wrongful conduct giving rise to this lawsuit took place within this judicial District.

13. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

**FACTUAL ALLEGATIONS**

14. Defendant is in the business of providing tax debt relief services.

15. Defendant, and/or through its agents, has placed calls to thousands of phone numbers of Plaintiff and the Classes.

16. These calls were unsolicited and played an artificial or prerecorded voice advertising Defendant's services.

17. Defendant failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal calls.

18. Plaintiff is the sole owner and primary user of the 1969 number.

19. Plaintiff has had the 1969 number registered on the National Do Not Call Registry since October 6, 2006.

20. On numerous occasions within the last 12 months, and most recently on or around December 13, 2022, Plaintiff received an artificial and/or prerecorded voice message indicating it was from "National Tax Advisory Services LLC" that he could be cleared of any prior tax debt and that he should respond by calling 831-204-4718.

21. At all relevant times, Plaintiff's phone number has been registered on the federal Do Not Call registry.

22. Plaintiff never provided express consent (or any consent) to Defendant for these calls. Plaintiff had never heard of Defendant and had no relationship whatsoever with Defendant prior to receiving these illegal calls.

23. The purpose of Defendant's calls was to promote and solicit the sales of its merchandise and services.

24. Defendant's calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

25. Upon information and belief, Defendant caused similar calls to be sent to other individuals residing within this judicial District.

26. 47 C.F.R. § 64.1200(c)(2) prohibits telephone solicitations to telephone numbers on the National Do Not Call Registry.

27. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do Not Call Registry, including Plaintiffs' numbers.

28. Upon information and belief, Defendant does not have written procedures to comply with the national do-not-call rules.

29. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per text message.

30. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

31. The artificial and/or prerecorded voice message calls originated from telephone numbers, which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

32. Plaintiff and the Class members have suffered concrete harm because of Defendant's unwanted and unsolicited text messages, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited text messages;
- Invasion of Privacy;
- Intrusion upon Seclusion;
- Nuisance,
- Aggravation; and
- Annoyance.

33. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to his daily life.

34. These forms of injury are sufficient for Article III standing purposes.

35. Defendant initiated the unlawful text messages to Plaintiff and the other Class members and is directly liable for violating the TCPA.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

36. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of all other similarly situated persons as a class action. The "Classes" that Plaintiff seeks to represent are comprised of and defined as:

> **TCPA Class. All persons within the state of Colorado who: (1) within the four years prior to the filing of this Complaint (2) received a phone call from Defendant or anyone on Defendant's behalf (3) which played a prerecorded voice (3) to promote Defendants' products or services.**
>
> **Do Not Call Class: All persons within the State of Colorado who: (1) within the four years prior to the filing of this Complaint (2) received than one phone call within a 12-month period from Defendant or anyone on Defendant's behalf (3) to said person's cellular telephone number when the telephone number was registered on the National Do Not Call Registry at the time of the calls.**

37. Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

**NUMEROSITY**

38. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to hundreds, if not thousands, of consumers throughout the State of

Colorado, including those on the Do Not Call Registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery and a review of Defendant's records. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMONALITY**

40. There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Among the questions of law and fact common to the Class are:

   i. Whether Defendant violated 47 U.S.C § 227(b);

   ii. Whether Defendant violated 47 C.F.R. § 64.1200(c);

   iii. Whether Defendant violated 47 C.F.R. § 64.1200(d);

   iv. Whether Defendant's conduct was knowing and willful;

   v. Whether Defendant sends solicitation phone calls which played an artificial or prerecorded voice;

   vi. Whether Defendant obtained written express consent prior to the calls;

   vii. Whether Defendant sends solicitation phone calls to telephone numbers registered on the National Do-Not-Call Registry;

   viii. Whether Defendant maintains and trains on a written telemarketing policy;

   ix. Whether Defendant violated the privacy rights of Plaintiff and members of the Classes;

   x. Whether Defendant is liable for damages, and the amount of such damages; and

      xi.    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls using an artificial and/or prerecorded voice without consent, including to telephone numbers registered on the National Do Not Call Registry, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

42. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

### ADEQUACY

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the thousands or millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the

expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

46. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
*Individually and on Behalf of the TCPA Class*

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Plaintiff and the TCPA Class members received unsolicited phone calls to their cellular telephones.

49. The calls played an artificial or prerecorded voice advertising Defendant's services.

50. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the TCPA Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

51. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

52. If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## Violations of the TCPA, 47 U.S.C. § 227(c)
## Do Not Call Provision
*Individually and on Behalf of the Do Not Call Class*

53. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

54. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

55. Under 47 C.F.R. § 64.1200(c)(2), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations."

56. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

57. Plaintiff and the Do Not Call Class members had their telephone numbers registered on the National Do Not Call Registry, indicating their intent to be free from telemarketing solicitations.

58. Defendant and/or its agents failed to honor the Do Not Call Class members' registrations and as a result, each Class member received two or more such solicitation calls in a 12-month period without prior consent and without an established business relationship.

59. Upon information and belief, Defendant has not instituted written procedures to comply with the national do-not-call rules, pursuant to 47 C.F.R. § 64.1200(c).

60. Defendant's calls were made for a commercial purpose.

61. Because Plaintiff and the Do Not Call Class members received more than one solicitation calls in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(2), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

62. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

63. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

64. Plaintiff and the Do Not Call Class members also suffered damages in the form of invasion of privacy, wasted time, harassment, and frustration.

65. Plaintiff and the Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT III
### Violations of the TCPA, 47 C.F.R § 64.1200(d)
### Failure to Adhere to Telemarketing Rules
*Individually and on Behalf of the Do Not Call Class*

66. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

67. 47 CFR § 64.1200(d)(1) requires that Defendants maintain a written telemarketing policy, available upon demand, for maintaining a do-not-call list.

68. 47 CFR § 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

69. Defendant failed to fulfill these requirements, resulting in violations against Plaintiff and the Class.

70. Because Defendant failed to meet these requirements in violation of 47 C.F.R. § 64.1200(d)(1) and (2), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

71. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

72. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

73. Plaintiff and the Do Not Call Class members also suffered damages in the form of invasion of privacy, wasted time, harassment, and frustration.

74. Plaintiff and the Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, prays for the following relief:

i. An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Marcus & Zelman, LLC as Class Counsel;

ii. An award of actual and statutory damages for each and every negligent violation to each member of the Classes pursuant to 47 U.S.C. § 227(c)(5);

iii. An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Classes pursuant to 47 U.S.C § 227(c)(5);

iv. An order declaring that Defendant's actions, set out above, violate the TCPA;

v. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class;

vi. Pre-judgment and post-judgment interest on monetary relief; and

vii. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: March 16, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: **MARCUS ZELMAN LLC**

　　　　　　　　　　　　　　　　　　<u>*/s/ Yitzchak Zelman*</u>
　　　　　　　　　　　　　　　　　　Yitzchak Zelman, Esq.
　　　　　　　　　　　　　　　　　　701 Cookman Ave, Suite 300
　　　　　　　　　　　　　　　　　　Asbury Park, New Jersey 07712
　　　　　　　　　　　　　　　　　　Phone: (732) 695-3282
　　　　　　　　　　　　　　　　　　Fascimile: (732) 298-6256
　　　　　　　　　　　　　　　　　　yzelman@marcuszelman.com
　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*